UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NERVORA FASHION, INC., <br><br> Petitioner, <br><br> v. <br><br> ADVANCE MAGAZINE PUBLISHERS INC., <br><br> Respondent. | No. 24-cv-4805 (RA) <br><br> <u>MEMORANDUM</u> <br> <u>OPINION &ORDER</u> |

RONNIE ABRAMS, United States District Judge:

Pending before this Court is the sealing motion of Advance Magazine Publishers, Inc. d/b/a Condé Nast ("Condé Nast" or "Respondent"). *See* Resp't's Letter Mot. 1, ECF No. 41. For the reasons that follow, Respondent's motion is granted in part and denied in part.

On June 24, 2024, Nervora Fashion, Inc. ("Nervora" or "Petitioner") filed a petition for a preliminary injunction, temporary restraining order, and expedited discovery in aid of arbitration against Condé Nast (the "Petition"). Pet., ECF No. 1. Nervora subsequently requested leave to file redacted versions of its Petition, supporting documents, reply brief, and supplemental declaration, as well as leave to file under seal unredacted versions of the aforementioned documents and certain exhibits to its petition. *See* Pet'r's Letter Mot., ECF No. 10; Pet'r's Letter Mot., ECF No. 17; Pet'r's Letter Mot., ECF No. 30. This Court heard argument regarding the Petition on July 2, 2024. By oral ruling, this Court denied the Petition and ordered the parties to meet and confer regarding the motion to redact and seal. *See* Tr. 28, 35, ECF No. 37. The parties have now agreed to release the majority of redactions, but they dispute what, if any, information should remain under seal.

Before this Court is Respondent's motion to redact portions of (1) the Petition and accompanying exhibits, (2) Nervora's Memorandum of Law in Support of its Petition, and (3) the Menon Declaration and certain accompanying exhibits, filed in support of the Petition. *See* Resp't's Letter Mot. 1, ECF No. 41. Respondent argues that its proposed redactions are necessary to protect "sensitive business information and practices." *Id.* at 2; *see also* Resp't's Letter, ECF 48. Petitioner opposes.[1] The Court grants Respondent's motion in part and denies it in part.

## LEGAL STANDARD

In evaluating whether to permit redaction of the parties' filings, this Court applies the three-step test set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). First, the Court determines whether the documents at issue are "judicial documents." "A judicial document or judicial record is a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016).[2] If the documents are deemed judicial in nature, "a common law presumption of access attaches," and the Court next "consider[s] the weight of that presumption." *Lugosch*, 435 F.3d at 119. This weight is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Erie Cnty.*, 763 F.3d 235, 239 (2d Cir. 2014) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). The Second Circuit has explained that the presumption of access is "strongest" when the documents "determine litigants'

---

[1] In accordance with this Court's Individual Rules of Practice in Civil Cases, and in order to preserve the confidentiality of the information that Respondent seeks to redact until the sealing issue was decided, Petitioner submitted its two letters opposing redaction by e-mail on August 13 and 19, 2024.

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

substantive rights, and is weaker where the documents play only a negligible role in the performance of Article III duties." *Olson v. Major League Baseball*, 29 F.4th 59, 89 (2d Cir. 2022) (quoting *Amodeo*, 71 F.3d at 1049–50). Finally, the Court balances the weight of the presumption of access with the "competing considerations against" it, denying access "[o]nly when competing interests outweigh the presumption," *Erie Cnty.*, 763 F.3d at 239 (quoting *Lugosch*, 435 F.3d at 120).

## DISCUSSION

The first factor is not in dispute. As Respondent concedes, Resp't's Letter Mot. 2, ECF No. 41, the documents at issue here are "plainly judicial." *Slyvania v. Ledvance LLC*, 20-CV-9858 (RA), 2021 WL 412241, at *1 (S.D.N.Y. Feb. 5, 2021).

Second, because the Petition and supporting documents formed "the basis for the adjudication" of the Petition, the documents are generally entitled to a strong presumption of access and "only the most compelling reasons can justify sealing" them. *Bernstein*, 814 F.3d at 142 (quoting *Amodeo II*, 71 F.3d at 1050); *see also Vinci Brands LLC v. Coach Servs., Inc.*, Nos. 23-Civ.-5138 (LGS), 23 Civ. 5409 (LGS), 2023 WL 6289969, at *1 (S.D.N.Y. Sept. 27, 2023) (concluding that a strong presumption of access attaches to "documents submitted in connection with motions for a temporary restraining order and preliminary injunction," given that such documents "directly affect an adjudication"). The weight of this presumption is "particularly strong" where Respondent seeks to seal information "central to the underlying dispute," *Sylvania*, No. 2021 WL 412241, at *2, but is tempered where Respondent attempts to seal material the Court did not rely upon "to shape and inform its analysis," *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-CV-2581 (PKC) (JLC), 2021 WL 4135007, at *3 (S.D.N.Y. Sept. 10, 2021).

Accordingly, the Court must balance the weight of the presumption of access with the "competing considerations against it," *Lugosch*, 435 F.3d at 120 (quoting *Amodeo II*, 71 F.3d at 1050). Respondent identifies six categories of information that it seeks to redact: "the specifics of termination payments, royalty payments, joint venture options, legal releases, financial projections related [to] Condé Nast's venture with Nervora and the negotiations of those same topics, as well as selected contract provisions that are not the subject of the underlying dispute that tend to be heavily negotiated with other licensees." Resp't's Letter Mot. 3, ECF No. 41. The motion is granted, albeit only in part.

### A.    Respondent's Financial Information

The Court grants Respondent's application to redact its financial projections, earnings, revenue, royalty payments, direct expenses, and negotiations regarding these items. Courts "commonly seal[] documents" containing "revenue information, pricing information, and the like." *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500 (GHW), 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (granting redaction of "details of Microsoft's sources of revenue and the amounts of its revenue and sales"); *see also Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015) (sealing pricing and sales information that had not been publicly disclosed as well as "emails revealing confidential negotiations"). Here, these precise "dollar figures and amounts . . . ha[d] little or no bearing on the merits of the parties' dispute" and "sealing that information will not meaningfully hinder those monitoring the federal courts." *Banco Santander (Brasil), S.A. v. Am. Airlines, Inc.*, No. 20-CV-3098 (RPK) (RER), 2020 WL 4926271, at *3 (E.D.N.Y. Aug. 21, 2020) (quoting *Bernstein*, 814 F.3d at 142). Accordingly, the Court finds that sealing of Respondent's financial information is justified and grants Respondent's motion to redact its financial information.

4

### B. Eight-Year Old Dispute Regarding Another Website

The Court denies Respondent's request to redact references to a "prior dispute between the parties from eight years ago that was resolved" as well as references to the name of the website at the center of the dispute. Resp't's Letter 2, ECF 48. Respondent contends that sealing is necessary because "other potential licensees could use the terms of that resolution [of the prior dispute] to attempt to gain leverage in their own license or settlement negotiations to the significant detriment of Condé Nast." *Id.* But Respondent does not explain why this is so, or why redaction of the mere name of the website is necessary, particularly in view of the length of time that has passed since the dispute. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023) ("[T]he older the information is, the less appropriate it is to seal that information, particularly when the party does not explain with specificity why, despite the passage of time, the information should still be sealed."), *reconsideration denied*, 2023 WL 3966703 (S.D.N.Y. June 13, 2023); *In the Matter of the Ex Parte Application of the Upper Brook Cos. for an Order Directing Discovery In Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782*, 22-mc-97 (PKC), 2023 WL 172003, at *6 (S.D.N.Y. Jan. 12, 2023) (rejecting proposed redactions where the movant had offered only "conclusory assertions" in support of sealing years-old agreements and invoices and had "not attempted to show that the information [was] not stale and . . . would still cause harm").

Although the prior dispute was not pertinent to this Court's decision denying the Petition— a fact that favors sealing—Respondent has not provided adequate justification for its proposed redactions of this content. It is the moving party's burden to demonstrate that sealing is warranted. *Dawson v. Merck & Co.*, No. 12-CV-1876 (BMC) (PK), 2021 WL 242148, at *7 (E.D.N.Y. Jan.

24, 2021). Here, Respondent's broad and conclusory statements are inadequate to meet that burden, particularly in light of the strong presumption in favor of public access.

### C. Respondent's Additional Proposed Redactions

In all other respects, Respondent's motion is further denied. Respondent seeks to redact a number of additional categories of information, including Petitioner's financial information, details of non-competition agreements and termination payments, legal releases, joint venture options, and other contractual provisions with Petitioner. Respondent argues that disclosure of this information would "commercially disadvantage" it, because current and potential licensees of Respondent's brands "may use information regarding terms with Nervora" in order to "influence future negotiations for their own contracts with Condé Nast," and competitors may leverage that information to "try to undercut Condé Nast." Resp't's Letter Mot. 3, ECF No. 41; *see also* Resp't's Reply Letter 3, ECF No. 48.

It is true that "[t]he demonstration of a valid need to protect the confidentiality of [confidential and proprietary] business information may be a legitimate basis to rebut the public's presumption of access to judicial documents." *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, No. 19-cv-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021). Indeed, courts have "commonly sealed documents . . . containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *Kewazinga Corp.*, 2021 WL 1222122, at *6. However, in view of the strong presumption in favor of public access and the movant's burden to justify sealing, "conclusory statements that documents contain confidential business information are insufficient to justify" redaction. *SET Cap. LLC v. Credit Suisse Grp. AG*, No. 18 Civ. 2268 (AT), 2023 WL 1961280, at *1 (S.D.N.Y. Feb. 13, 2023).

Respondent has not provided sufficient particularized information to justify its proposed redactions. Among other things, it "does not explain why the disclosure of the redacted portions of the documents would harm its competitive position in the market, and why even if that is the case such disadvantage outweighs the public's right to access of these materials." *Sabre Glob. Techs. Ltd. v. Hawaiian Airlines*, No. 22-cv-7395 (VSB), 2023 WL 5348883, at *3 (S.D.N.Y. Aug. 21, 2023). To the contrary, Respondent has offered conclusory statements that lack specific examples in support of its position. *See Dawson*, 2021 WL 242148, at *7 ("The party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test.").

With respect to the terms of its buyout option with Petitioner, which were "specifically tailored to the Middle East region and Nervora," Respondent contends that that information would "unduly influence other parties." Resp't's Reply Letter 3, ECF No. 48. While it is true that the full terms of the buyout were not mentioned in the Court's decision, the availability of a buyout was discussed at oral argument, Tr. 18–19, ECF No. 37, and an understanding of the buyout provision is thus relevant to the public reaching a full understanding of the Court's analysis.

Finally, with respect to Petitioner's financial information, Respondent asserts that Petitioner's financial figures "reflect overall revenue and royalty amounts derived from the negotiated terms of the license agreement and could be misused by others in Condé Nast's industry or other licensees to Condé Nast's detriment." Resp't's Reply Letter 1–2, ECF 48. But Respondent fails to explain how its proposed redactions—which include comparisons of Petitioner's financial forecasts with its actual business performance, *see, e.g.*, Pet. 163, ECF No. 42—reveal the terms of the parties' license agreement or would be misused by competitors. In view of the strong

7

presumption of public access accorded the documents that Respondent moves to seal, its conclusory explanations are insufficient to justify its proposed redactions—except with respect to its own financial information.

## CONCLUSION

For the foregoing reasons, Respondent's sealing motion is granted in part and denied in part. The Clerk of Court is respectfully directed to close the open motions at ECF Nos. 10, 17, 41, 42, and 45. No later than February 21, 2025, Respondent shall file either (a) revised redacted versions of the documents at issue or (b) a renewed motion to seal. If Respondent files a renewed motion, it shall provide additional justifications for the specific redactions it seeks, explaining whether the redacted information affected the adjudication, and grouping the redactions into specific categories where applicable, so that the Court may "conduct an individualized review," *Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019), and make "specific, on-the-record findings" as to whether and to what extent redaction is appropriate, *Lugosch*, 435 F.3d at 126.

SO ORDERED.

Dated:   February 5, 2025
         New York, New York

_____
Hon. Ronnie Abrams
United States District Judge